# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, SR, CDCR #F-94040,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CALIPATRIA STATE PRISON MEDICAL STAFF; JERRY BROWN, Governor; L.S. McEWEN, Warden;<br><br>　　　　　　　　　Defendants. | Civil No.　　11cv0506 JLS (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No. 3]; AND**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

　　　Arthur Ray Deere, Jr. ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983. Before the Court could conduct the required sua sponte screening, Plaintiff filed a First Amended Complaint ("FAC") which is now the operative pleading. Additionally, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 3].

# I.

## MOTION TO PROCEED IFP [ECF No. 3]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

1 *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's
2 pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),
3 which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
4 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the
5 court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*
6 *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

7    Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person
8 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
9 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
10 United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122
11 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

12   **B.**  **Eighth Amendment Claims**

13    Plaintiff claims that his Eighth Amendment rights have been violated due to
14 overcrowding at Calipatria State Prison.  Plaintiff's First Amended Complaint speaks of his
15 conditions of confinement in general terms and rarely provides any specific factual allegation
16 pertaining to Plaintiff as an individual.  Plaintiff phrases a majority of his claims as though he
17 is bringing this matter as a class action on behalf of all the inmates housed at Calipatria State
18 Prison.  However, because Plaintiff is proceeding pro se, he has no authority to represent the
19 legal interest of any other party.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir.
20 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also*
21 FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least
22 one attorney of record in the attorney's original name, or if the party is not represented by an
23 attorney, shall be signed by the party.").

24    In addition, allegations of overcrowding, without additional facts, are insufficient to state
25 a claim under the Eighth Amendment.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).
26 Plaintiff alleges events such as wilted lettuce and stale bread. (*See* FAC at 5.)  "[S]ubjection
27 of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain
28 within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310,

1314 (9th Cir. 1995). Conditions of confinement may, consistent with the Constitution, can be restrictive and harsh. *Rhodes*, 452 U.S. at 337.

Plaintiff does allege that he was "infected with H-Plylori bacteria in 2008" due to the conditions at Calipatria State Prison. (FAC at 5.) Plaintiff further alleges that medical staff were "covering up" his medical condition. (*Id.*) "The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

1 Here, Plaintiff disagrees with the opinion of prison doctors that he has likely had this condition since he was a child. Instead, Plaintiff argues, without any supporting facts, that he must have contracted the medical issue while he was housed at Calipatria. Plaintiff's First Amended Complaint fails to identify any specific Defendant whom he claims is responsible for his misdiagnosis. Thus, the Court cannot make a finding that he has sufficiently alleged "deliberate indifference" on the part of any named Defendant. Moreover, Plaintiff fails to indicate how any of the named Defendants failed to adequately treat his medical condition or whether he suffered any harm as a result of the alleged inadequate medical care.

**C.     Respondeat Superior claims**

Plaintiff names Warden McEwen and Governor Jerry Brown as Defendants in this matter but fails to set forth any factual allegations with regard to these Defendants in the body of Plaintiff's First Amended Complaint. Thus, it appears that Plaintiff seeks to hold these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's First Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendants McEwen or Brown.

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed

to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: June 24, 2011

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge