# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, SR, <br> CDCR #F-94040, <br><br> Plaintiff, <br><br> vs. <br><br> EDMUND G. BROWN, SR; MATTHEW CATES; L.S. McEWEN; JAMES M.A; DR. E. ESTOCK; DR. CASIAN; DR. D. HERPE; <br><br> Defendants. | Civil No.   11-CV-0506 JLS (POR) <br><br> **ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

## I.
### PROCEDURAL HISTORY

On March 9, 2011, Arthur Ray Deere, Jr. ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. Before the Court could conduct the required sua sponte screening, Plaintiff filed a First Amended Complaint ("FAC"), along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

1    On June 24, 2011, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his First Amended Complaint for failing to state a claim upon which relief could be granted. *See* June 24, 2011 Order at 7-8. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* On July 15, 2011, Plaintiff filed his Second Amended Complaint ("SAC").

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights

cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A.  Causation

As an initial matter, in Plaintiff's Second Amended Complaint he fails to link many of his factual allegations to any one of the named Defendants. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). Because the Court finds dismissal of Plaintiff's Second Amended Complaint appropriate, Plaintiff is cautioned that if he chooses to file a Third Amended Complaint he may not allege constitutional allegations that are overbroad and vague. Instead, he must allege with specific factual allegations how each Defendant violated his constitutional rights.

### B.  Eighth Amendment Claims

Once again, Plaintiff claims that his Eighth Amendment rights have been violated due to overcrowding at Calipatria State Prison.[1] Plaintiff's Second Amended Complaint, as did his previous

---

[1] Plaintiff names Edmund G. Brown, Sr. as a Defendant in this matter and claims that Defendant Brown, as Governor of California, and the "Secretary of Corrections conspired to intentionally inflict cruel unusual punishment" by filing a "false and misleading environmental impact report" presumably

pleading, speaks of his conditions of confinement in general terms and conclusory statements. Plaintiff claims that the food service is "filthy" and that he contracted "H-Pylori" from the food service. (SAC at 9.) However, Plaintiff later admits that he was tested for "H-Pylori" but the test came back negative. (*Id.* at 7.)

As stated in the Court's previous Order, allegations of overcrowding, without additional facts, are insufficient to state a claim under the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Plaintiff alleges that inmates received "rancid" salad dressing but prison officials later rectified the problem. (SAC at 8-9.) "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). Conditions of confinement may, consistent with the Constitution, can be restrictive and harsh. *Rhodes*, 452 U.S. at 337.

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a

---

when Calipatria was first constructed. (SAC at 10.) Plaintiff is naming as a Defendant former Governor Brown who was Governor of California from 1959 to 1967 and passed away in 1996. *See* http://en.wikipedia.org/wiki/Pat_Brown (last visited Oct. 24, 2011). These claims relating to the construction of Calipatria have long since exceeded the applicable statute of limitations.

1 substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference.
2 *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk,
3 but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk."
4 *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a
5 defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing
6 or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."
7 *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

8 Here, Plaintiff fails to link any of the named Defendants with any of the acts which he complains
9 violated his Eighth Amendment rights. Consequently, the Court cannot make a finding that he has
10 sufficiently alleged "deliberate indifference" on the part of any named Defendant. Thus, the Court
11 dismisses Plaintiff's Eighth Amendment claims for failing to state a claim upon which relief can be
12 granted.

13     **C.    Property claims**

14 Plaintiff alleges that his due property rights were violated when his property was removed from
15 his cell for a period of two months. (*See* SAC at 5.) Where a prisoner alleges the deprivation of a
16 liberty or property interest caused by the unauthorized negligent or intentional action of a prison official,
17 the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation
18 remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533
19 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy
20 for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.
21 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the
22 taking of his property are not cognizable in this § 1983 action, and must be dismissed pursuant to 28
23 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

24 For all the above stated reasons, the Court finds that Plaintiff's Second Amended Complaint fails
25 to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal
26 pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an
27 opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his
28 //

amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Third Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED**.

DATED: November 2, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge