# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, SR, CDCR #F-94040,<br><br>                           Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, SR; MATTHEW CATES; L.S. McEWEN; JAMES M.A; DR. E. ESTOCK; DR. CASIAN; DR. D. HERPE;<br><br>                           Defendants. | Civil No.   11-CV-0506 JLS (POR)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILING TO COMPLY WITH THE COURT'S ORDER** |

On March 9, 2011, Arthur Ray Deere, Jr. ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. Before the Court could conduct the required sua sponte screening, Plaintiff filed a First Amended Complaint ("FAC"), along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

On June 24, 2011, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his First Amended Complaint for failing to state a claim upon which relief could be granted. (*See* June 24, 2011 Order at 7-8.) Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* On

July 15, 2011, Plaintiff filed his Second Amended Complaint ("SAC"). Once again, the Court conducted the required sua sponte screening and found that Plaintiff had failed to state a claim. (*See* Nov. 2, 2011 Order at 6.) Plaintiff was granted leave to file a Third Amended Complaint in order to correct the deficiencies of pleading and Plaintiff filed his Third Amended Complaint on December 12, 2011.

Although Plaintiff has filed what he entitles "Third Amended Complaint" in this action, this pleading contains facts, allegations and Defendants that are completely different than those facts and allegations found in his original, First and Second Amended Complaints. Thus, it appears that Plaintiff is really attempting to file an entirely new action. The Court permitted Plaintiff leave to file an Amended Complaint to correct the deficiencies of pleading identified in the Court's previous Orders. Plaintiff was not granted leave to file an entirely new action. If Plaintiff wishes to pursue an action based on the facts he is now raising for the first time, he must file a separate action.

Accordingly, the Court **DISMISSES** Plaintiff's Third Amended Complaint for failing to comply with a Court Order. The Court sua sponte **GRANTS** Plaintiff an extension of time to file a Fourth Amended Complaint that complies with the Court's November 2, 2011 Order. Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is docketed in which to file a Fourth Amended Complaint which complies with the Court's November 2, 2011 Order. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: February 16, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge